IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| IMPACT ENERGY RESOURCES, LLC, et al.<br><br>  Plaintiffs,<br><br>  vs.<br><br>KEN SALAZAR, et al.<br><br>  Defendants, and<br><br><br>SOUTHERN UTAH WILDERNESS ALLIANCE, et al.,<br><br>  Defendant-Intervenors. | MEMORANDUM DECISION<br><br><br>Consolidated Case Nos. 2:09cv435 and 2:09cv440<br><br><br><br>Judge Dee Benson |
| UINTAH COUNTY, et al.,<br><br>  Plaintiffs,<br><br>  vs.<br><br>KEN SALAZAR, et al.,<br><br>  Defendants, and<br><br><br>SOUTHERN UTAH WILDERNESS ALLIANCE, et al.<br><br>  Defendant-Intervenors. | |

Defendant-intervenors, collectively referred to as "SUWA," move this court to transfer venue for the proceedings in the above-captioned case and to stay the proceedings until the court rules on the motion to transfer. After a careful review of the parties' written submissions for the

above-referenced motions, the court concludes that oral argument is not necessary, *see* DUCivR 7-1(f), and DENIES SUWA's motion to transfer. Based on this ruling, SUWA's motion to stay is now moot.

BACKGROUND

The consolidated plaintiffs sued the federal defendants in the District of Utah, challenging the Secretary of Interior's decision to withdraw seventy-seven leases from consideration in a December 2008 oil and gas lease sale. In their complaint, the consolidated plaintiffs alleged that the Secretary of Interior did not have the authority to withdraw the leases under the Mineral Leasing Act or the Federal Land Policy Management Act and, in the alternative, the Secretary's decision was arbitrary and capricious under the Administrative Procedures Act.

SUWA successfully moved to intervene, arguing that they had an interest in the public lands on which the leases would be issued and in the validity of the lease withdrawal. In granting SUWA's motion to intervene, this court recognized that a federal case pending in the District Court for the District of Columbia in which a TRO had been issued informed the federal defendants' decision to withdraw the leases from the oil and gas sale. The court also recognized that the federal defendants and SUWA might interpret the import of the TRO differently.

SUWA now moves to transfer the case to the District of Columbia, arguing that the case is of national significance and that comity and judicial efficiency would be best served by the case proceeding in the District Court for the District of Columbia. As discussed below, the court denies this motion. Based on this denial, SUWA's motion to stay is now moot.

ANALYSIS

"For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought." 28 U.S.C. §1404(a). Pursuant to the rule, the district court has discretion to determine based on the individualized facts of each case whether convenience and fairness warrant transferring the case. *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir. 1991). In this case, both parties agree that this action, which was filed in the District of Utah, could also have been filed in the District of Columbia. Therefore, the court's consideration of whether to transfer this case centers on the convenience of the parties and the interests of justice. These two considerations are commonly measured by weighing the following factors:

> the plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and, all other considerations of a practical nature that make a trial easy, expeditious and economical.

*Id.* "The party moving to transfer a case pursuant to §1404(a) bears the burden of establishing that the existing forum is inconvenient." *Chrysler Credit Corp.*, 928 F.2d at 1515. This is a high burden considering, "[a]bsent specific facts that would cause a district court to question plaintiffs' choice of forum, plaintiffs' choice is afforded substantial deference." *Wilderness Soc. v. Babbitt*, 104 F.Supp.2d 10, 12 (D.D.C. 2000); *Texas Gulf Sulphur Co. v. Ritter*, 371 F.2d 145, 147 (10th Cir. 1967).

The case at bar, as framed by the consolidated plaintiffs' complaint, presents a dispute

over the interpretation and application of federal law. There appears to be no dispute over material facts. Accordingly, the parties have agreed to an expeditious briefing schedule and to argue the case to the judge without witnesses or a jury. Therefore, many of the considerations of convenience–such as the accessibility of witnesses– have no impact on this case. The majority of the other listed factors do not favor either district. Therefore, the focus of discussion in this case is on "all other considerations of a practical nature that make a trial easy, expeditious and economical."

   *A. Comity and Judicial Efficiency.*

SUWA focuses its arguments on considerations that may affect the interest of justice, including comity and judicial efficiency. In particular, SUWA's main motivation for transferring the above-captioned case is the pending case against the Secretary of Interior and other federal defendants, which is proceeding in the District of Columbia District Court. SUWA argues that the cases present overlapping legal issues and that resolving the plaintiffs' claims in this court may create a conflict with a decision reached in the D.C. action.

The court sees no such conflict. The legal issues in this case differ substantially from those in the D.C. action. The central issue in this case is the authority of the federal defendants under the Mineral Leasing Act and the Federal Land Policy Management Act to withdraw seventy-seven leases from the oil and gas lease sale. In contrast, the D.C. action is centered on the adequacy of the environmental and historic preservation reviews related to the lands on which the leases were located. The only overlap between the two cases is the consolidated plaintiffs' argument that the federal defendants' action, which was informed by the TRO issued in the D.C.

action, was arbitrary and capricious.

In granting SUWA intervenor status in the Utah action, this court noted that "in part, this litigation proceeded from SUWA's advocacy in bringing the D.C. action, and . . . the issue of whether the federal defendants acted arbitrarily is intertwined with that case." Based on the arguments of the parties thus far, the court understands the D.C. action to be part of the factual landscape in this case. This link created an interest for SUWA in this case, but will not result in conflicting opinions. The environmental and historic preservation reviews are involved in this case only to the extent that they were put into question in the D.C. action and the district court's issuance of a TRO in that case informed the federal defendants' decision to withdraw the leases–the action in question in this case. Therefore, the court concludes that without overlapping legal issues, concerns of comity are not at issue and do not weigh in favor of transferring this case. Additionally, the lack of overlap in legal issues diminishes any argument that judicial efficiency would be achieved by transferring this case.

*B. National Significance*

SUWA also argues that the District of Columbia is a more proper forum because the case presents a question of national significance. There is no merit whatsoever to this argument and it is wholly inapplicable to the circumstances of this case. The case was properly filed in the District of Utah by the consolidated plaintiffs. Local interest alone weighs in favor of hearing the case here. *See Trout Unltd. v. U.S. Dep't of Agric.*, 944 F.Supp. 13, 19 (D.D.C. 1996) ("Controversies should be resolved in the locale where they arise. This policy rationale applies equally to the judicial review of an administrative decision which will be limited to the

administrative record." (citation omitted)). SUWA cites several cases in which the District of Columbia District Court has found that the national significance of an issue counters the local interest. *See Intervenor-defendant's Br. 11, citing Greater Yellowstone Coal. v. Kempthorne*, No. 07-2111, No. 07-2112, 2008 WL 1862298, at * 7 (D.D.C. Apr. 24, 2008); *Greater Yellowstone Coal. v. Bosworth*, 180 F.Supp.2d 124, 128-29 (D.D.C. 2001); *Wilderness Soc. v. Babbitt*, 104 F.Supp.2d 10, 13, 17 (D.D.C. 2000). But these cases are distinguishable from the circumstances of this case. In each case cited the defendants sought to move the case from the District of Columbia to the locale affected by an administrative decision. And, in each case, the court determined that the matter should not be transferred out of the District of Columbia because, based in part on the national scope of the cases, the District of Columbia had a sufficient connection to the case equal to the local interest. This reasoning does not apply to warrant transferring this or any other case to the District of Columbia. While it is true that the District of Columbia is a proper forum to pursue issues of national significance, so is the District of Utah. This court is unaware of any law or policy considerations that even suggest that the District of Columbia District Court is preferable or superior to the other districts in deciding cases that may have "national significance."

## CONCLUSION

The court DENIES SUWA's motion to transfer this case to the District of Columbia. SUWA has failed to persuade this court that the District of Utah is an inconvenient forum or that the interest of justice cannot be served in this district. Based on this decision, SUWA's motion to stay the proceedings is moot.

IT IS SO ORDERED.

Dated this 3rd day of May, 2010.

                            BY THE COURT

                            _____
                            Dee Benson
                            United States District Court Judge